AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

Southern           DISTRICT OF           New York

Alexandre Petrov

v.

Brown Harris Stevens Management, LLC, and
920 Fifth Avenue Corporation

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 07 CIV 4060

JUDGE COTE

TO: (Name and address of defendant)

Brown Harris Stevens Management, LLC – 770 Lexington Ave, New York, NY 10021 (NY County)

920 Fifth Corporation – 920 Fifth Ave, New York, NY 10021 (NY County)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kuba, Mundy & Associates
By: Paulette DeTiberiis, Esq.
321 Broadway, 4th Fl.
New York, NY 10007

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    MAY 24 2007

CLERK                                                  DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALEXANDRE PETROV,

        Plaintiff,

-against-

BROWN HARRIS STEVENS MANAGEMENT,
LLC, and 920 FIFTH AVENUE CORPORATION,

        Defendants.

------------------------------------------------------------X

JUDGE COTE

Case No.:

**07 CIV 4060**

**COMPLAINT**

Jury Trial Demanded

Plaintiff, ALEXANDRE PETROV (hereinafter referred to as "Plaintiff" or "PETROV"), by and through his attorneys, KUBA, MUNDY& ASSOCIATES, complains and alleges the following:

## I. NATURE OF ACTION

1. Plaintiff brings this civil action seeking declaratory, monetary, injunctive and affirmative relief based upon Defendants' failure to compensate Plaintiff for overtime hours and meal allowance pursuant to the Fair Labor Standards Act of 1938 (hereinafter referred to as ("FLSA"), as amended, 29 U.S.C. Section 201, et seq. (2003), the New York Labor Law, N.Y. LAB. LAW Section 190, et seq. (2003), and for violations of state contract and tort law, and related rules, regulations, statutes and ordinances.



RECEIVED
MAY 24 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and by 29 U.S.C. Section 216. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. Section 2367.

3. Venue is proper pursuant to 28 U.S.C. Section 1391(b) in that the unlawful actions complained of occurred in and the records relevant to such practices are maintained in this District.

## III. PARTIES

4. Plaintiff is an employee, falling within the definition of employee pursuant to 29 U.S.C Section 203 and N.Y. LAB. LAW Section 190 and Section 651.

5. Plaintiff is a current employee of the Defendants, employed as a doorman, service elevator operator and porter.

6. Plaintiff resides in the State of New York, County of Kings.

7. Upon information and belief, Defendant BROWN HARRIS STEVENS MANAGEMENT, LLC (hereinafter referred to as "Defendant" or "BROWN HARRIS") is a real estate firm.

8. Upon information and belief Defendant BROWN HARRIS is a domestic business corporation organized and existing under the laws of the State of New York and is doing business at 770 Lexington Avenue, New York, New York 10021.

9. Upon information and belief, Defendant 920 FIFTH AVENUE CORPORATION (hereinafter referred to as "Defendant" or "920") is a real estate firm.

10. Upon information and belief Defendant 920 is a domestic business corporation organized and existing under the laws of the State of New York and doing business at 920 Fifth Avenue, New York, New York.

11. Upon information and believe, the Defendants are employers, falling within the definition of employer pursuant to 29 U.S.C Section 203 and N.Y. LAB. LAW Section 190 and Section 651.

12. Upon information and belief, the Defendants are engaged in interstate commerce or are enterprises engaged in interstate commerce whose gross sales exceed $500,000.

13. Upon information and belief, the Defendants annually purchase and receive at their New York facilities goods and products valued in excess of $500,000 directly from points located outside the State of New York.

14. Upon information and belief, the Defendants employed more than fifty (50) employees.

## IV.    FACTS

15. On or about August 21 2002, Plaintiff began working for the Defendants as a doorman, service elevator operator and porter at a building located at 920 Fifth Avenue, New York, New York. As an employee, Plaintiff was a member of the Service Employees International Union and party to a collective bargaining agreement.

16. On or about September 15, 2002, Plaintiff started a working schedule, in which he worked Mondays from 11:00am to 11:00pm; Tuesdays from 3:00pm to 11pm; Fridays from 11:45pm to 7:45am; and Saturdays from 11:45pm to 11:45am. Plaintiff

regularly worked twelve (12) hour shifts (eight (8) regular hours and four (4) hours overtime) on Mondays and Saturdays.

17. During the course of his employment with the Defendants, Plaintiff maintained the above work schedule from September 2002 through January 2007, and performed the duties of his position in a satisfactory manner.

18. In or around December 2006, the Plaintiff discovered that he was not being paid at a rate of one and one-half times his normal rate of pay for overtime hours and not compensated for meal allowance during the course of his employment. In or around December 2006, the Plaintiff complained to the Defendants.

19. In response to Plaintiff's complaint, in January 2007, the Defendants changed Plaintiff's working schedule to an eight (8) hour a day/forty (40) hour a week schedule, eliminating twelve (12) hour shifts. The Defendants never compensated Plaintiff for the overtime hours previously worked and meal-time allowance.

20. Pursuant to statute and the collective bargaining agreement, Plaintiff was required to be paid overtime at the rate of time and one-half the regular straight-time hourly rate for all hours worked in excess of eight (8) hours per day.

21. Pursuant to statute and the collective bargaining agreement, a paid holiday shall be considered as a day worked for the purpose of computing overtime pay.

22. Pursuant to statute and the collective bargaining agreement, Plaintiff was required to be paid $15.00 meal allowance for at least four (4) hours of overtime worked in a day.

23. Defendants failed to maintain payroll records and follow record keeping procedures set forth by the FLSA and the New York State Labor Law.

V. **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

(Failure to Pay Overtime – FLSA Violation)

24. Plaintiff repeats and realleges each and every allegation contained herein.

25. The Defendants violated Section 7 of the FLSA, 29 U.S.C. Section 207(a)(1) and 29 U.S.C Section 201, et seq., by failing to pay the Plaintiff one and one-half times his regular rate of pay for every hour worked in excess of eight (8) hours per day.

26. The Defendants' failure to pay overtime pay as required by law continued during the Plaintiff's employment from September 2002 through January 2007.

27. The Defendants' failure to properly pay the Plaintiff was knowing, willful and unreasonable.

28. As a direct and proximate result of the Defendants' willful acts, the Plaintiff has suffered economic injury, in an amount to be determined, plus liquidated damages.

**SECOND CLAIM FOR RELIEF**

(Failure to Pay Overtime – New York Labor Law Violation)

29. Plaintiff repeats and realleges each and every allegation contained herein.

30. The Defendants violated N.Y. LAB. LAW Section 190, et seq., by failing to pay the Plaintiff one and one-half times his regular rate of pay for every hour worked in excess of eight (8) hours per day.

31. The Defendants' failure to pay overtime pay as required by law continued during the Plaintiff's employment from September 2002 through January 2007.

32      The Defendants' failure to properly pay the Plaintiff was knowing, willful and unreasonable.

33.     As a direct and proximate result of the Defendants' willful acts, the Plaintiff has suffered economic injury, in an amount to be determined, plus liquidated damages.

### THIRD CLAIM FOR RELIEF

#### (Meal Allowance)

34.     Plaintiff repeats and realleges each and every allegation contained herein.

35.     The Plaintiff was generally not given any period of time to eat meals during shifts of more than eight (8) hours per day, in violation of N.Y. LAB. LAW Section 162 (2003).

36.     Upon information and belief, the Defendants do not have a permit from the Commissioner to excuse them from the requirements of N.Y. LAB. LAW Section 162.

### FOURTH CLAIM FOR RELIEF

#### (Breach of Contract)

37.     Plaintiff repeats and realleges each and every allegation contained herein.

38.     At all time of Plaintiff's employment, an employment contract, specifically a Collective Bargaining Agreement (hereinafter referred to as "Agreement"), existed and/or exists between the Defendant and the Plaintiff.

39.     Pursuant to the Agreement, the Defendants agreed to pay the Plaintiff overtime at the rate of time and one-half the regular straight-time hourly rate for all hours worked in excess of eight (8) hours per day.

40. Pursuant to the Agreement, the Defendants agreed that a paid holiday shall be considered as a day worked for the purpose of computing overtime pay.

41. Pursuant to the Agreement, the Defendants agreed that any employee who has worked eight (8) hours in a day and is required to work at least four (4) hours of overtime in that day, shall be given $15.00 meal allowance.

42. Pursuant to the Agreement, the Defendants agreed that employees shall receive their regular straight time hourly rates for the normal eight (8) hour working day not worked, and if required to work on a holiday, shall receive in addition to the pay above mentioned, premium pay at the rate of time and one-half their regular straight-time hourly rate of pay for each hour worked with a minimum of four (4) hours premium pay. Any employee who is required to work on a holiday beyond eight (8) hours shall continue to receive the compensation above provided for holiday work, namely pay at his regular straight-time rate plus premium pay at time and one-half his regular straight-time rate.

43. During the course of his employment, the Plaintiff worked in excess of eight (8) hours per day, specifically on Mondays and Saturdays.

44. The Defendants breached the Agreement by failing to pay the Plaintiff for overtime hours worked per day.

45. The Defendants breached the Agreement by failing to pay the Plaintiff meal allowance for overtime hours worked per day.

46. The Defendants breached the Agreement by failing to properly compensate the Plaintiff for holiday pay.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

47. Plaintiff repeats and realleges each and every allegation contained herein.

48. The Defendants have enriched themselves as a result of withholding money owed to the Plaintiff for time worked.

49. The Defendants' enrichment was at the Plaintiff's expense because the Plaintiff would have received the money owed to him had the Defendants not intentionally withheld payment from the Plaintiff.

50. The circumstances were such that equity and good conscience require the Defendants to pay the Plaintiff for all the time that Plaintiff worked but was not paid.

### VI. JURY DEMAND

51. Plaintiff repeats and realleges each and every allegation contained herein.

52. Plaintiff demands a trial by jury.

### VII. PRAYER FOR RELIEF

WHEREFORE, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment as follows:

1. Declaring that the Defendants violated the aforementioned statutes;

2. An award of actual damages for uncompensated overtime wages and meal allowance as a "willful" violation, in an amount to be determined at trial and an equal amount as liquidated damages pursuant to Section 216 of the

FLSA, 29 U.S.C. Section 216(b), 29 U.S.C. Section 210, <u>et seq</u>. of the FLSA, and N.Y. LAB. LAW Section 190, <u>et seq</u>., the exact amount to be determined at trial;

3. That Plaintiff be paid for all unpaid wages owed by the Defendants pursuant to state contract law;

4. That Plaintiff be paid for all unpaid hours worked pursuant to unjust enrichment;

5. That Plaintiff be paid additional compensatory and punitive damages, plus interest, to be determined by the Court;

6. That the Plaintiff be paid pre and post judgment interest;

7. That the Defendants be ordered to pay the costs and disbursements of this action, including expert fees and disbursements and reasonable attorneys' fees;

8. And for such other and further relief as may be just and proper.

Dated: New York, New York
May 22, 2007

KUBA, MUNDY & ASSOCIATES
By: Paulette DeTiberiis, Esq. (PD 0999)
Attorneys for Plaintiff
321 Broadway, 4th Floor
New York, New York 10007
212-732-5050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alexandre Petrov

Plaintiff

-v-

Brown Harris Stevens Management, LLC
and 920 Fifth Avenue Corporation

Defendant

JUDGE COTE
07 CIV 4060

Rule 7.1 Statement

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff _____ (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

None

Date: 5/23/07



Signature of Attorney

Attorney Bar Code:

RECEIVED
MAY 24 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Form Rule7_1.pdf