UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ALEXANDRE PETROV,                                    :
                                                     :
                              Plaintiff,             :
                                                     :
          -against-                                  :      Civil Action No. 07 Civ. 4060 (DLC)(RLE)
                                                     :
BROWN HARRIS STEVENS RESIDENTIAL                     :
MANAGEMENT, LLC, AND                                 :
920 FIFTH AVENUE CORPORATION,                        :
                                                     :
                              Defendants.            :
                                                     :
-------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION TO DISMISS PLAINTIFF'S
## <u>COMPLAINT IN ITS ENTIRETY</u>

CLIFTON BUDD & DeMARIA, LLP
Co-Attorneys for Defendants
420 Lexington Avenue, Suite 420
New York, New York 10170
(212) 687-7410

HOWARD I. ROTHSCHILD
Co-Attorney for Defendants
292 Madison Avenue, 16th Floor
New York, New York 10017
(212) 889-4100

<u>Counsel:</u>
Robert A. Sparer (RS-1355)
Jennifer M. Marrinan (JM-7993)
Howard I. Rothschild (HR-6008)

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL HISTORY ............................................................................................... 3

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT...................................................................................................................... 5

      I.      STANDARD GOVERNING 12(b) MOTION TO DISMISS ................................ 5

      II.     PLAINTIFF'S CLAIMS FOR OVERTIME COMPENSATION
            UNDER THE FLSA AND NEW YORK LABOR LAW SHOULD BE
            DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM ............................ 6

      III.    PLAINTIFF'S CLAIM FOR OVERTIME COMPENSATION
            UNDER THE FLSA SHOULD BE DISMISSED TO THE EXTENT IT IS
            TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS .................... 7

      IV.    ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED
            BECAUSE THEY ARE PREEMPTED BY SECTION 301 OF THE
            LABOR MANAGEMENT RELATIONS ACT AND SUBJECT TO THE
            GRIEVANCE AND ARBITRATION PROCEDURES IN THE
            COLLECTIVE BARGAINING AGREEMENT ................................................................. 8

            A.   Plaintiff's Claims are Preempted by Section 301 of the Labor
               Management Relations Act..................................................................................... 8

            B.   Plaintiff Lacks Standing under LMRA Section 301 to Bring
               Suit for Breach of the Collective Bargaining Agreement..................................... 11

            C.   Plaintiff Failed to Participate in the Grievance and Arbitration
               Procedures Required by the Collective Bargaining Agreement ........................... 12

      V.     NO PRIVATE RIGHT OF ACTION EXISTS FOR CLAIMS
            UNDER LABOR LAW SECTION 162 .......................................................................... 14

CONCLUSION.................................................................................................................. 14

i

# TABLE OF AUTHORITIES

**Cases**

*Allis-Chalmers v. Lueck,* 471 U.S. 202 (1985) .............................................................................. 9

*AT&T Technologies, Inc. v. Communication Workers of Am.*, 475 U.S. 643 (1986) .................. 13

*Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557 (1968) .................................................................................................................................. 8

*Blake v. Potter*, 2004 U.S. Dist. LEXIS 6596 (SDNY 2004) ....................................................... 12

*Dougherty v. American Telephone and Telegraph Company,* 902 F.2d 201 (2d Cir. 1990)........ 12

*EEOC v. Wal-Mart Stores, Inc.*, 2001 U.S. Dist. LEXIS 23027 (W.D.N.Y. Sept. 28, 2001) ...... 14

*Electrical Workers v. Hechler,* 481 U.S. 851 (1987)................................................................ 9, 10

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1 (1983).................................. 8

*Garcia v. Allied Parking Systems*, 300 A.D.2d 219, 752 N.Y.S.2d 316 (App. Div. 2002).......... 10

*Gorman v. Entergy*, 2007 U.S. App. Lexis 12450 (2d. Cir. 2007) ................................................. 6

*H.J. Inc. v. Northwestern Bell Tel., Co.,*
    492 U.S. 229 (1989)................................................................................................................. 5

*Hogan v. 50 Sutton Place*, 919 F. Supp. 738 (SDNY 1996)........................................................ 12

*Katir v. Columbia Univ.*, 15 F.3d 23 (2d Cir. 1994)................................................................... 11

*King v. New York Tel. Co., Inc.*, 785 F.2d 31 (2d Cir. 1986) ..................................................... 13

*Ljutovic v. 530 E. 86th St., Inc.*, 2006 U.S. Dist. LEXIS 62040, *8 (SDNY 2006) ......... 5, 8, 9, 13

*Lofton v. USPS*, 592 F.Supp. 36 (SDNY 1984) .......................................................................... 12

*McElroy v. City of New York*, 50 Misc. 2d 223, 270 N.Y.S.2d 113 (N.Y. Sup. 1966) *aff'd* 29 A.D.2d 737, 287 N.Y.S.2d 352 (2nd Dept. 1968) ............................................................. 14

*O'Rourke v. Carmen M. Pariso, Inc.*, 2007 U.S. Dist. LEXIS 40083 (WDNY 2007)........... 10, 11

*Ramirez v. CSJ & Co., Inc.*, 2007 U.S. Dist. LEXIS 19756 (SDNY 2007) .................................. 7

*Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965)................................................................ 13

*Salmea v. Macy's East, Inc.*, 426 F. Supp. 2d 149 (SDNY 2006) ............................................... 10

*Tower Air, Inc. v. Federal Express Corp.,*
    956 F.Supp. 270 (E.D.N.Y. 1996) ......................................................................................... 5

*Vaca v. Sipes*, 386 U.S. 171 (1967) ........................................................................................... 12

*Wynn v. AC Rochester*, 273 F.3d 153 (2d Cir. 2001)................................................................... 9

**Statutes**

29 U.S.C. § 255(a) ......................................................................................................................... 2

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ............................................................... 1, 2, 6

Labor Management Relations Act, 29 U.S.C. § 185 ............................................................. passim

New York Labor Law § 162 ................................................................................................. 1, 8, 14

New York Labor Law §190, *et seq.* ........................................................................................ 1

New York State Labor Law § 198 ........................................................................................ 10

**Rules**

29 CFR 778.102 ...................................................................................................................... 6

Fed. R. Civ. P. 12 .................................................................................................................. 5

Minimum Wage Order for the Building Services Industry, Part 141 of Title 12, §141-1.4
    Overtime Hourly Rate ...................................................................................................... 7

## PRELIMINARY STATEMENT

Plaintiff Alexandre Petrov ("Plaintiff" or "Petrov") commenced this lawsuit against his employer, 920 Fifth Avenue Corporation ("920 Fifth Avenue Corp.") Complaint, ¶7[1] and his employer's managing agent, Brown Harris Stevens Residential Management, LLC[2] ("Brown Harris Stevens;" collectively, "Defendants"). Complaint, ¶9. The Complaint sets forth five claims for relief including: (1) a claim for overtime compensation under the Fair Labor Standards Act, (29 U.S.C. § 201, *et seq.*) ("FLSA"); (2) a claim for overtime compensation under the New York Labor Law (New York Labor Law § 190, *et seq.*); (3) a claim for "meal allowance" under the New York Labor Law § 162[3]; (4) a breach of contract claim; and (5) a claim for unjust enrichment.

---

[1]    A true and accurate copy of Plaintiff's Summons and Complaint is attached to Defendants' Notice of Motion as Exhibit A.    All references to Plaintiff's Complaint are denoted as "Complaint, ¶ ___."

[2]    Brown Harris Stevens is not Petrov's employer, though for the purposes of this motion, that distinction is not pertinent.

[3]    Section 162 of the New York State Labor Law provides, in relevant part, as follows:

Time allowed for meals

> Every person employed in or in connection with a mercantile or other establishment or occupation coming under the provisions of this chapter shall be allowed at least thirty minutes for the noonday meal, except as in this chapter otherwise provided. The noon day meal period is recognized as extending from eleven o'clock in the morning to two o'clock in the afternoon. An employee who works a shift of more than six hours which extends over the noonday meal period is entitled to at least thirty minutes off within that period for the meal period.

> Every person employed for a period or shift starting before eleven o'clock in the morning and continuing later than seven o'clock in the evening shall be allowed an additional meal period of at least twenty minutes between five and seven o'clock in the evening.

> Every person employed for a period or shift of more than six hours starting between the hours of one o'clock in the afternoon and six o'clock in the morning, shall be allowed at least sixty minutes for a meal period when employed in or in connection with a factory, and forty-five minutes for a meal period when employed in or in connection with a

Plaintiff's first and second claims for overtime compensation under the FLSA and New York State Labor Law plainly fail to state a claim upon which relief may be granted in as much as Plaintiff admits he is not seeking compensation for hours worked in excess of 40 hours per week. (Complaint, ¶¶ 16-17). Moreover, to the extent plaintiff is seeking overtime compensation dating back to September of 2002, his FLSA claims are time-barred by the applicable statute of limitations (2 years or 3 years for willful violations) (29 U.S.C. § 255(a))[4]. Finally, all of Plaintiff's claims, including those for "meal allowance" (actually meal break), breach of contract and unjust enrichment, are preempted by Section 301 of the Labor Management Relations Act

---

> mercantile or other establishment or occupation coming under the provision of this chapter, at a time midway between the beginning and end of such employment.
>
> In administering this statute, the Department applies the following interpretations and guidelines:
>
> Employee Coverage. Section 162 applies to every "person" in any establishment or occupation covered by the Labor Law. Accordingly, all categories of workers are covered, including white collar management staff.
>
> Shorter Meal Periods. The Department will permit a shorter meal period of not less than 30 minutes as a matter of course, without application by the employer, so long as there is no indication of hardship to employees. A meal period of not less than 20 minutes will be permitted only in special or unusual cases after investigation and issuance of a special permit.
>
> One Employee Shift. In some instances where only one person is on duty or is the only one in a specific occupation, it is customary for the employee to eat on the job without being relieved. The Department of Labor will accept these special situations as compliance with Section 162 where the employee voluntarily consents to the arrangements. However, an uninterrupted meal period must be afforded to every employee who requests this from an employer.

[4]    The FLSA at 29 U.S.C. § 255(a) provides in relevant part:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201, *et seq.*], the Walsh-Healey Act [41 U.S.C. § 35, *et seq.*], or the Bacon-Davis Act  (a) if the cause of action accrues on or after May 14, 1947— may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

2

(29 U.S.C. § 185) ("LMRA") and are subject to the grievance and arbitration procedures required by the applicable union contract. In addition to being preempted, Plaintiff lacks standing to bring suits alleging breach of the collective bargaining agreement and there is no private right of action under New York Labor Law § 162. For all of these reasons, Plaintiff's complaint should be dismissed in its entirety.

## PROCEDURAL HISTORY

Plaintiff commenced this action in the Southern District of New York on May 24, 2007. Defendants now move to dismiss Plaintiff's Complaint in its entirety and submit this memorandum of law in support of their motion. All documents referred to herein are appended to the Notice of Motion submitted herewith.

## STATEMENT OF FACTS

Plaintiff is employed by 920 Fifth Avenue Corp. as a porter at its 26 unit, residential, cooperative apartment building located at 920 Fifth Avenue, New York, New York. He has been employed there since in or about August of 2002. (Complaint, ¶15). From September of 2002 until January of 2007, Plaintiff's regular work schedule consisted of 40 hours of work per week working a 12-hour shift on Mondays and Saturdays and an 8-hour shift on Tuesdays and Fridays. (Complaint, ¶16). During this period Plaintiff did not regularly work on Sundays, Wednesdays or Thursdays. In January of 2007, Plaintiff's schedule was modified to work five days a week, 8-hours a day and he continued to regularly work 40 hours per week.

During Plaintiff's employment, he was a member of SEIU Local 32BJ ("Union" or "Local 32BJ"). (Complaint, ¶ 15). At all times relevant herein, Plaintiff's employment at 920 Fifth Avenue was pursuant to a collective bargaining agreement ("CBA") between the RAB and

3

Local 32BJ. (Complaint, ¶ 15; CBA).[5] The CBA regulates, among other things, members'

wages and hours (*see* CBA, Art. XV). The CBA requires that all disputes "as to interpretation,

application or performance of any part of this agreement" be submitted to the grievance and

arbitration procedure set forth in the CBA. (*See* CBA, Art. V-VI). Specifically, the CBA

provides as follows:

**ARTICLE VI**
**Arbitration**

> 1. A Contract Arbitrator shall have the power to decide all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement, and such other issues as are expressly required to be arbitrated before the Arbitrator, including such issues as may be initiated by the Trustees of the Funds.

* * *

> 3. The procedure herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues, and the Arbitrator shall have the power to award appropriate remedies, the award being final and binding upon the parties and the employee(s) or Employer(s) involved. Nothing herein shall be construed to forbid either party from resorting to court for relief from, or to enforce rights under, any award. In any proceeding to confirm an award of the Arbitrator, service may be made by registered or certified mail, within or without the State of New York, as the case may be.

(CBA, Art. VI).

---

[5] A true and accurate copy of the relevant collective bargaining agreements between the Realty Advisory Board on Labor Relations, Inc. ("RAB") and Local 32BJ, S.E.I.U., AFL-CIO are attached to Defendants' Notice of Motion as Exhibits B, C and D. All references to the most recent contract, the 2006 Apartment Building Agreement, are denoted as "CBA, Art. ___."

4

## ARGUMENT

### I.

## STANDARD GOVERNING 12(b) MOTION TO DISMISS

A federal district court should grant a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *H.J. Inc. v. Northwestern Bell Tel., Co.,* 492 U.S. 229, 249-50 (1989) (*quoting Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). *See Tower Air, Inc. v. Federal Express Corp.,* 956 F.Supp. 270, 276-77 (E.D.N.Y. 1996). "In applying this standard, a district court must 'read the facts alleged in the complaint in a light most favorable' to a plaintiff, and accept these allegations as true." *Tower Air,* 956 F.Supp. at 276-77 (*quoting H.J., Inc.,* 492 U.S. at 249). While the plaintiff's allegations must provide the starting point for a Court's evaluation of a motion to dismiss, the Court may also consider documents attached to the complaint or incorporated by reference. *Ljutovic v. 530 E. 86th St., Inc.,* 2006 U.S. Dist. LEXIS 62040, *8 (SDNY 2006) (*citing Int'l. Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995)). Even if a plaintiff fails to attach a particular document, the Court may consider the outside document, without converting the motion to dismiss into a motion for summary judgment, if it is a document "upon which [plaintiff] solely relies and which is integral to the complaint." *Id.*, (*quoting Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991)). Plaintiff refers to the CBA in his complaint. *See, e.g.,* Complaint ¶ 15. Hence, the Court may consider the contract without converting the motion to one for summary judgment.

Applying these standards, this Court should grant Defendants' motion.

5

## II.

### PLAINTIFF'S CLAIMS FOR OVERTIME COMPENSATION UNDER THE FLSA AND NEW YORK LABOR LAW SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM

"The FLSA generally requires that an employee who works more than forty hours in a given week be paid for the excess time at a rate 'not less than one and one-half times the regular rate at which he is employed (29 U.S. C. § 207(a)(1)." *Gorman v. Entergy*, 2007 U.S. App. Lexis 12450, *21-22 (2d. Cir. 2007). However, the FLSA does not, as Plaintiff suggests, require that employees be paid overtime for all hours worked in excess of eight (8) hours per day regardless of whether the employees have worked more than 40 hours in a given work week. In fact, the Code of Federal Regulations at 29 CFR 778.102 (Application of overtime provisions generally) specifically addresses the issue and provides, in relevant part, as follows:

> The Act [the FLSA] does not generally require, however, that an employee be paid overtime compensation for hours in excess of eight per day, or for work on Saturdays, Sundays, holidays or regular days of rest. If no more than the maximum number of hours prescribed in the Act is actually worked in the workweek, overtime compensation pursuant to section 7(a) need not be paid.

(29 CFR 778.102).

Likewise, the New York Labor Law does not require payment of overtime for work performed in excess of eight hours per day. The New York State Wage Order for the Building Service Industry provides as follows with respect to overtime:

> An employer shall pay an employee, except a janitor in a residential building, for overtime at a wage rate of 1 ½ times the employer's regular rate for hours worked in excess of 40 hours in a workweek.

6

(Minimum Wage Order for the Building Services Industry, Part 141 of Title 12, §141-1.4
Overtime Hourly Rate).

Nowhere in Plaintiff's complaint does he allege that 920 Fifth Avenue Corp. failed to pay
him overtime for work in excess of 40 hours. In fact, Plaintiff admits in paragraph 15 of his
Complaint that his regular work schedule was 40 hours per week and that the overtime
compensation he is seeking is based upon working hours in excess of eight per day, not in excess
of 40 per week. Neither the FLSA nor the New York Labor Law requires overtime compensation
for hours in excess of eight per day. Consequently, as a matter of law, Plaintiff fails to state a
claim and his FLSA and New York State Labor Law claims for overtime compensation must be
dismissed.

### III.

### PLAINTIFF'S CLAIM FOR OVERTIME COMPENSATION UNDER THE FLSA SHOULD BE DISMISSED TO THE EXTENT IT IS TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Even assuming, *arguendo*, Plaintiff had stated a viable claim under the FLSA, his claim
falls outside the applicable statue of limitations period. A claim under the FLSA accrues at the
end of the pay period for which the violation occurred and the relevant limitations period is two
years unless the violation was willful, in which case it is extended to three years. *Ramirez v.
CSJ & Co., Inc.*, 2007 U.S. Dist. LEXIS 19756 (SDNY 2007) citing 29 U.S.C. § 255(a). Having
filed his Complaint on or around May 24, 2007, those portions of Plaintiff's FLSA overtime
claims that predate May 24, 2005 (or May 24, 2004 for willful violations) are time-barred.

7

IV.

## ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE PREEMPTED BY SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT AND SUBJECT TO THE GRIEVANCE AND ARBITRATION PROCEDURES IN THE COLLECTIVE BARGAINING AGREEMENT

All of Plaintiff's claims – for overtime compensation, meal allowance, breach of contract and unjust enrichment – should be dismissed because they are preempted by Section 301 of the LMRA and subject to the grievance and arbitration procedures in the CBA. Moreover, Plaintiff lacks standing to bring breach of contract claims under Section 301 and there is no private right of action under Labor Law § 162.

## A.    Plaintiff's Claims are Preempted by Section 301 of the Labor Management Relations Act

Section 301(a) of the LMRA gives federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). This section preempts state law contract claims involving alleged breaches of collective bargaining agreements. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983) ("[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'"); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968). Section 301 of the LMRA is one of the few statutes with the power of complete preemption. *Ljutovic v. 530 E. 86th St., Inc.* at *4 (*citing Sullivan v. Am. Airlines*, 424 F.3d 267, 271 (2d. Cir. 2005)).

8

This preemption also extends to any state law claim that substantially depends upon analysis of such an agreement. *See Wynn v. AC Rochester,* 273 F.3d 153, 157-58 (2d Cir. 2001) ("'[W]here the resolution of a state-law claim depends on an interpretation of the collective-bargaining agreement, the claim is pre-empted.'") (quoting *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 261 (1994)). The only claims against an employer that are *not* preempted by § 301 are claims based on an alleged breach of a duty created by a law or relationship other than the collective bargaining agreement. *Ljutovic v. 530 E. 86th St., Inc.* at \*5 (*citing United Steel Workers of Am. v. Rawson*, 495 U.S. 362, 370-71 (1990)).

It is well settled that where an alleged claim, based on state law, is "inextricably intertwined with the terms of [a] labor contract" such claim is preempted by federal law pursuant to § 301. *Allis-Chalmers v. Lueck,* 471 U.S. 202, 213 (1985). In *Allis-Chalmers v. Lueck*, the Supreme Court created a relatively expansive standard to determine what types of claims are preempted by the LMRA. The Court stated that the LMRA not only preempts suits based on a contract (*i.e.*, collective bargaining agreement) violation, but the statute also preempts those suits involving "the meaning given a contract phrase or term." 471 U.S. at 211. The Court held that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law." *Id.* at 220 (citation omitted). Analyzed under the standard announced in *Allis-Chalmers*, Plaintiff's claims are all "inextricably intertwined" with the CBA, require analysis of terms of the CBA and thus are clearly preempted by the LMRA. *See also Electrical Workers v. Hechler,* 481 U.S. 851, 855-56 (1987) (citing *Allis-Chalmers*). According to the Supreme Court, "when a state-law claim is substantially

9

dependent on analysis of a collective-bargaining agreement, a plaintiff may not evade the pre-emptive force . . . [§ 301] by casting the claim as a state-law claim" *Hechler* at 859 n. 3.

New York federal district courts have regularly held that wage and hour claims similar to plaintiff's are preempted. In *Salmea v. Macy's East, Inc.*, 426 F. Supp. 2d 149, 155 (SDNY 2006), the court held that plaintiff's claims for alleged unpaid vacation time were preempted by § 301 because they required interpretation of the CBA. *Salmea*, 426 F. Supp. 2d at 155 (SDNY 2006) citing *Kowalik v. General Marine Transport Corp.*, 550 F.2d 770, 771-72 (2d Cir. 1977) (finding that claim for overtime pay depended on the employment agreement, and that "there would appear to be no just reason why plaintiff should obtain such wage benefits as the Agreement may provide but simultaneously repudiate the means specified in the Agreement for the determination thereof."). Courts have also held that when a collective bargaining agreement exists, claims against employers for unpaid wages under New York State Labor Law § 198 are preempted by § 301. *Salmea* at 155 citing *Heyer v. Morris Okun, Inc.*, 2003 U.S. Dist. LEXIS 14495, No. 03 Civ. 2218, 2003 WL 21991583, at *1 (S.D.N.Y. Aug. 20, 2003); *Garcia v. Allied Parking Systems*, 300 A.D.2d 219, 752 N.Y.S.2d 316, 317-18 (App. Div. 2002).

In *O'Rourke v. Carmen M. Pariso, Inc.*, 2007 U.S. Dist. LEXIS 40083 (WDNY 2007), the court dismissed plaintiff's overtime claims as preempted. The court noted that plaintiffs failed to dispute that (1) the CBA was a collective bargaining agreement between the union and defendant, and covered plaintiffs' employment with defendant for the period during which the plaintiffs' claims were alleged to have arose; (2) other than the CBA, there were no other contracts between plaintiffs and defendant relating to plaintiffs' employment with defendant; and, significantly, (3) the CBA's grievance and arbitration provision was sufficiently broad to

10

include plaintiffs' demands for payment of additional wages based on plaintiffs' allegations. *O'Rourke* at *6. Defendants in *O'Rourke* maintained that regardless of plaintiffs' assertions of breach of contract, *quantum meruit,* or a violation of New York law, plaintiffs' entitlement to the extra compensation sought in their complaint required application of relevant provisions of the CBA as to whether defendant's failure to pay plaintiffs the extra wages violated the CBA and whether the CBA's grievance procedure applied to plaintiffs' claims. *Id. citing Ycaza v. CT Transit-Stamford Div.,* 289 F.Supp.2d 180, 182-83 (D.Conn. 2003) (as claim for back pay and benefits required court to construe collective bargaining agreement, claim preempted by § 301). The *O'Rourke* court concluded that the uncontested existence of the CBA, the absence of individual contracts upon which plaintiffs' claims could conceivably be based, and the prosecution of a grievance by the union pursuant to the CBA was sufficient, under applicable federal law, to render plaintiffs' claims completely preempted. *Id.* Likewise, in the instant case, it is undisputed that the CBA exists and covered Plaintiff's employment, no other contract existed between Plaintiff and Defendants and the grievance and arbitration provision is sufficiently broad to include Plaintiff's claims.

**B.      Plaintiff Lacks Standing under LMRA Section 301 to Bring Suit for Breach of the Collective Bargaining Agreement**

"[A]n individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." *Katir v. Columbia Univ.*, 15 F.3d 23, 24 (2d Cir. 1994). "If there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." *Blake v. Potter*, 2004 U.S. Dist. LEXIS 6596, *8-9 (SDNY

11

2004) citing *Katir* at *9. "Only when a union breaches its duty of fair representation may an employee 'step into the shoes of the Union.'" *Hogan v. 50 Sutton Place*, 919 F. Supp. 738, 745-46 (SDNY 1996) (motion to dismiss petitioner's request to vacate granted where no breach of DFR); *Lofton v. USPS*, 592 F.Supp. 36, 37, 39 (SDNY 1984). In the instant action, Plaintiff does not allege a breach of the duty of fair representation by Local 32BJ, and he does not have standing to bring his breach of contract claims.

**C.    Plaintiff Failed to Participate in the Grievance and Arbitration Procedures Required by the Collective Bargaining Agreement**

Consistent with the policy underlying Section 301 of the LMRA, the Supreme Court has long required plaintiffs to exhaust whatever grievance and arbitration procedures exist in the collective bargaining agreement before suing in federal court. *See, e.g., Vaca v. Sipes*, 386 U.S. 171, 184 (1967) ("[i]t is settled that the employee must at least attempt to exhaust exclusive grievance procedures established by the [CBA]."). It is also settled law in this Circuit that where a collective bargaining agreement provides a grievance procedure for resolution of disputes under the collective bargaining agreement, any judicial relief for a claim within the scope of the collective bargaining agreement's grievance procedure is foreclosed. *See Dougherty v. American Telephone and Telegraph Company*, 902 F.2d 201, 204 (2d Cir. 1990) (citing cases).

The CBA that governed Plaintiff's employment contains a broad arbitration provision (CBA, Art. VI). It requires that *"all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement be submitted to the grievance and arbitration procedure set forth in the CBA"* and it *"shall be the sole and exclusive method for the determination of all such issues."* (*See* CBA, Art. VI, emphasis added).

12

Indeed, the arbitration provision at issue here is even broader than the arbitration provision before the Supreme Court in *AT&T Technologies, Inc. v. Communication Workers of Am.*, 475 U.S. 643, 650 (1986), where the Court held that the presumption of arbitrability was "particularly applicable" given the breadth of the provision.

Plaintiff cannot now simply bypass mandatory labor arbitration and proceed to court. Neither Plaintiff, nor other union members, can avoid the requirements of the collective bargaining agreement simply by hiring private counsel, refusing to participate in the arbital process required by the CBA and proceeding to court.

Since arbitration is the "sole and exclusive method for the determination of all such issues" under the CBA, this Court should dismiss Plaintiff's claims. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965) (holding that a plaintiff may not bring an action under Section 301 of the LMRA until all grievance or arbitration remedies provided in the collective bargaining agreement have been exhausted); *King v. New York Tel. Co., Inc.*, 785 F.2d 31 (2d Cir. 1986) (same). It is well established that "the means chosen by the parties for settlement of their differences under a collective bargaining agreement [must be] given full play." *Ljutovic v. 530 E. 86th Street* at * 12 quoting *United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564 (1960). "Courts are not to usurp those functions which collective-bargaining contracts have properly 'entrusted to the arbitration tribunal.'" *Id.*, quoting *United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564, 566 (1960).

13

## V.

## NO PRIVATE RIGHT OF ACTION EXISTS FOR CLAIMS
## UNDER LABOR LAW SECTION 162

In addition to being preempted, with respect to the Plaintiff's claim for a "meal allowance" under the New York Labor Law § 162, plaintiff's claim should be dismissed because it is well established that no private right of action exists. *McElroy v. City of New York*, 50 Misc. 2d 223, 270 N.Y.S.2d 113 (N.Y. Sup. 1966) *aff'd* 29 A.D.2d 737, 287 N.Y.S.2d 352 (2nd Dept. 1968). *See also EEOC v. Wal-Mart Stores, Inc.*, 2001 U.S. Dist. LEXIS 23027,    *21-22 (W.D.N.Y. Sept. 28, 2001).

## CONCLUSION

For the reasons set forth herein, Defendants respectfully requests that this Court (i) dismiss Plaintiff's Complaint in its entirety and (ii) award Defendants such other and further relief that this Court deems just and proper.

Dated: New York, New York
      July 10, 2007

                      Respectfully submitted,

                      CLIFTON BUDD & DeMARIA, LLP
                      *Co-Attorneys for Defendants*

                      By:

                          Robert A. Sparer (RS-1355)
                          Jennifer M. Marrinan (JM-7993)
                          420 Lexington Avenue, Suite 420
                          New York, New York 10170-0089
                          (212) 687-7410

                      HOWARD I. ROTHSCHILD
                      Co-Attorney for Defendants
                      292 Madison Avenue, 16th Floor
                      New York, New York 10017
                      (212) 889-4100